Appeal No. 2015-1827

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
_____

**B.E. TECHNOLOGY, L.L.C.**
*Appellant,*
v.

**GOOGLE, INC., MATCH.COM LLC,
PEOPLE MEDIA, INC.**
*Appellees.*
_____

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in Nos. IPR2014-00038 and IPR2014-00699
_____

**BRIEF FOR INTERVENOR—DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE**

THOMAS W. KRAUSE
Acting Solicitor
SCOTT C. WEIDENFELLER
Acting Deputy Solicitor
MICHAEL S. FORMAN
KAKOLI CAPRIHAN
Associate Solicitors
Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313
(571) 272-9035

*Attorneys for the Director of the
United States Patent and
Trademark Office*

December 8, 2015

# TABLE OF CONTENTS

I.    Statement of the Issue ...................................................................1

II.   Statement of the Case....................................................................1

    A.    Introduction ...........................................................................1

    B.    The Board's Final Written Decision ....................................2

III.  Summary of the Argument...........................................................4

IV.   Argument......................................................................................6

    A.    Standard of Review ...............................................................6

    B.    The Board Did Not Abuse Its Discretion in Denying B.E.'s Motion
        to Amend ...............................................................................6

      1. B.E. Failed to Offer a Claim Construction For Its Substitute Claims ......7

      2. B.E. Failed to Adequately Identify Written Description Support ............9

    C.    The Broadest Reasonable Interpretation Standard Applies in Inter
        Partes Review .....................................................................13

V.    Conclusion...................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Corning Optical Comms. RF, LLC v. PPC Broadband, Inc.*, No. IPR2014-00441,

   Paper 19 (PTAB Oct. 30, 2014) ............................................................13

*Cuozzo Speed Techs., LLC, In re*, 793 F.3d 1268 (Fed. Cir. 2015) ........................14

*Eli Lilly & Co. v. Board of Regents of University of Washington*, 334 F.3d 1264

   (Fed. Cir. 2003) ......................................................................................7

*Greene's Energy Group, LLC v. Oil States Energy Servs., LLC*, No. IPR2014-

   00216, 2015 WL 2089371 (PTAB May 1, 2015) ................................12

*Hyatt v. Dudas*, 492 F.3d 1365 (Fed. Cir. 2007) ......................................................11

*Idle Free Sys., Inc. v. Bergstrom, Inc.*, No. IPR2012-00027, 2013 WL 5947697

   (PTAB June 11, 2013) .......................................................................3, 7

*Int'l Flavors & Fragrances, Inc. v. The United States of America, as Represented*

   *by the Secretary of Agriculture*, No. IPR2013-00124, 2014 WL 2120542 (PTAB

   May 20, 2014) ............................................................................... 11, 12

*Int'l Flavors & Fragrances, Inc. v. The United States of America, as Represented*

   *by the Secretary of Agriculture*, No. IPR2013-00124, Paper 10 (Sept. 25, 2013)

   ...............................................................................................................11

*MasterImage 3D, Inc. v. RealD Inc.*, No. IPR2015-00040, Paper 42 (PTAB July

   15, 2015) ................................................................................................7

*Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928 (Fed. Cir. 2003)................................7

*Microsoft Corp. v. Proxyconn, Inc.*, 789 F.3d 1292 (Fed. Cir. 2015) ......................7

*Respironics, Inc. v. Zoll Medical Corp.*, No. IPR2013-00322, 2014 WL 4715644

   (PTAB Sept. 17, 2014)...................................................................................13

*Sullivan, In re*, 362 F.3d 1324 (Fed. Cir. 2004).........................................................6

**Statutes**

35 U.S.C. § 102 ............................................................................................................2

35 U.S.C. § 103 ............................................................................................................2

35 U.S.C. § 143 ............................................................................................................2

35 U.S.C. § 316(a)(9).................................................................................................1

35 U.S.C. § 316(d) ......................................................................................................1

35 U.S.C. § 316(d)(3)..................................................................................................9

5 U.S.C. § 706(2)(A)....................................................................................................6

**Regulations**

37 C.F.R. § 42.121(a)....................................................................................................1

37 C.F.R. § 42.121(a)(2)(ii) ........................................................................................9

37 C.F.R. § 42.121(b) ............................................................................................ 4, 11

37 C.F.R. § 42.121(b)(1)..............................................................................................9

37 C.F.R. § 42.20(c)............................................................................................ 1, 7, 9, 11

37 C.F.R. §§ 42.120-42.123 .......................................................................................2

## STATEMENT OF RELATED CASES

Other than the judicial proceedings identified in B.E.'s brief, the Director is not aware of any judicial proceedings that may affect, or be affected by, a decision in this matter.  This appeal and appeal nos. 2015-1828 and 2015-1829 are companion cases.  The Director is filing substantively identical briefs in each case.

## I.    STATEMENT OF THE ISSUE

The Director has intervened in this case to address whether the Patent Trial and Appeal Board properly denied B.E. Technology, L.L.C.'s ("B.E.") motion to amend in accordance with 35 U.S.C. §§ 316(a)(9), 316(d) and 37 C.F.R. §§ 42.20(c), 42.121(a), 42.121(b).

## II.    STATEMENT OF THE CASE

### A.    Introduction

B.E. owns U.S. Patent No. 6,628,314 ("the '314 patent").  A105.[1]  On October 8, 2013, Google, Inc. filed a petition with the USPTO to institute an inter partes review of claims 11-13, 15, 18, and 20 of the '314 patent.  A35-104.  On April 9, 2014, the USPTO instituted inter partes review of claims 11-13, 15, 18, and 20.  A1071-1089.[2]

On July 9, 2014, B.E. filed a contingent motion to amend.  A1571-1588.  In its motion, B.E. sought to add substitute claims 23-34 in the event that original claim 11 was found to be unpatentable.  *Id.*

---

[1]    Citations to "A___" refer to the Joint Appendix.  Citations to "Br. at __" refer to B.E.'s opening brief.

[2]    On April 25, 2014, Match.com LLC and People Media, Inc. filed a petition with the USPTO to institute an inter partes review of claims 11-13, 15, 18, and 20 of the '314 patent.  A2.  On June 13, 2014, the USPTO instituted inter partes review of claims 11-13, 15, 18, and 20 and joined the two cases.  *Id.*

On March 31, 2015, the Board issued a final written decision.  A1-29.  The Board found that claims 11-13, 18, and 20 were unpatentable pursuant to 35 U.S.C. § 102, and that claim 15 was unpatentable pursuant to 35 U.S.C. § 103.  A11-23. The Board also denied B.E.'s contingent motion to amend.  A23-27.  B.E. appealed, and the Director of the USPTO intervened to defend the Board's final written decision denying B.E.'s motion to amend.  *See* 35 U.S.C. § 143.

**B.    The Board's Final Written Decision**

After its decision to institute the inter partes review, the Board conducted full trial proceedings in accordance with its rules.  *See generally* 37 C.F.R. §§ 42.120-42.123.  The Board held an oral hearing on December 10, 2014. A2010-2067.  At the close of those proceedings, the Board issued a final written decision.  A1-29.

The Board found that the petitioners met their burden to demonstrate that claims 11-13, 15, 18, and 20 of the '314 patent were unpatentable.  A1-29.  After construing the claims pursuant to the broadest reasonable interpretation standard, the Board found that claims 11-13, 18, and 20 were anticipated by Logan.[3]  A6-21.

---

[3]    U.S. Patent No. 5,721,827 (filed Oct. 2, 1996) (issued Feb. 24, 1998). A132-164.

Additionally, the Board found that claim 15 was obvious in view of Logan combined with Robinson.[4]  A21-23.

Determining that all of the challenged claims were unpatentable, the Board turned to the contingent motion to amend.  The Board found that B.E. failed to satisfy its burden of proof to demonstrate patentability of the substitute claims for two independent reasons.

First, the Board found that B.E. failed to provide claim constructions for the new claim terms in the substitute claims.  A25-26.  The Board explained that "[a] motion to amend . . . must identify how the proposed substitute claims are to be construed, especially when the proposed substitute claims introduce new claim terms."  A25 (citing *Idle Free Sys., Inc. v. Bergstrom, Inc.*, No. IPR2012-00027, 2013 WL 5947697, at *4 (PTAB June 11, 2013)).  For example, the Board pointed to new claim language that B.E. introduced in substitute claim 23, "selecting advertising content for transfer to the computer in accordance with real-time and other computer usage information and demographic information associated with said unique identifier," and stated that absent a proposed claim construction from B.E., it was unclear whether the "selecting" or "transfer" is in accordance with "real-time."  A26.  Accordingly, B.E.'s motion did "not provide adequate

---

[4]    U.S. Patent No. 5,918,014 (filed Dec. 26, 1996) (issued Jun. 29, 1999). A165-177.

3

information for [the Board] to determine whether the substitute claims are patentable over the prior art." *Id.*

Second, the Board found that B.E. failed to identify the written description support for the substitute claims, as required by 37 C.F.R. § 42.121(b). A26-27. In its motion to amend, B.E. merely listed citations from its patent application to show written description support for substitute claim 23, omitting any explanation regarding how those citations related to the limitations of claim 23. A27. The Board found that B.E. "fail[ed] to point out with any particularity or explanation as to where in the several cited passages the additional [claim] limitations are supported." *Id.* In particular, upon reviewing the passages cited by B.E., the Board was unable to discern where support for the limitation "selecting advertising content for transfer to the computer in accordance with real-time" of claim 23 was found. *Id.* Moreover, the Board found that B.E. failed to provide any evidence of written description support for claims 24-34. *Id.*

## III.  SUMMARY OF THE ARGUMENT

The Board did not abuse its discretion when it denied B.E.'s contingent motion to amend. As a patent owner filing a motion to amend in an inter partes review, B.E. bore the burden of demonstrating that its substitute claims were patentable. Through rulemaking and adjudication, the USPTO has explained what a patent owner must include in a motion to amend in order to satisfy the burden of

4

proof.  Among other things, a patent owner must: (1) include a claim construction for newly-added claim language; and (2) demonstrate adequate written description support for the substitute claims.  B.E. failed on both these counts as it did not offer a claim construction or show sufficient written description support for its newly added claims.

In arguing that the Board erred, B.E. does not dispute that the USPTO has the authority to impose the claim construction and written description requirements.  Instead, B.E. only argues that no claim construction was necessary because the added claim language was "readily understandable," and that its listing of page and line citations from the specification was sufficient to demonstrate written description support.

B.E.'s claim construction argument fails because the Board found ambiguities in the new claim language that it could not resolve without a proposed claim construction from B.E.  Further, accepting B.E.'s position that claim construction in this instance was unwarranted would allow patentees unilaterally to decide when it is necessary to include a claim construction in the motion to amend, which prevents the Board from properly determining whether the substitute claims are patentable.

B.E.'s written description argument fails because the Board actually reviewed the string cites provided by B.E., but was still unable to discern the

written description support for the substitute claims.  By failing to provide any explanation regarding how the specification describes the claims, B.E. improperly attempted to shift the burden to the Board to demonstrate written description support by requiring the Board to read through the cited passages and determine how they relate to the substitute claims.

## IV.  ARGUMENT

### A.    Standard of Review

This Court will only "set aside actions of the Board that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and set aside factual findings that are unsupported by substantial evidence."  *In re Sullivan*, 362 F.3d 1324, 1326 (Fed. Cir. 2004); 5 U.S.C. § 706(2)(A).

### B.    The Board Did Not Abuse Its Discretion in Denying B.E.'s Motion to Amend

B.E. failed to abide by the USPTO's procedures when it filed its motion to amend.  In particular, B.E. did not provide any claim construction for its substitute claims and did not demonstrate sufficient written description support for the substitute claims.  The Board did not abuse its discretion when it denied B.E.'s motion.  An abuse of discretion can only occur "if the decision (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) involves a record that contains no evidence on which the Board could rationally base its decision."  *Eli Lilly & Co.*

*v. Board of Regents of University of Washington*, 334 F.3d 1264, 1267 (Fed. Cir.

2003).

### 1. B.E. Failed to Offer a Claim Construction For Its Substitute Claims

A patent owner filing a motion to amend bears the burden of demonstrating

that it is entitled to the requested relief.  37 C.F.R. § 42.20(c).  To meet that

burden, a patent owner must demonstrate why the substitute claims are patentable

over the prior art.  *Microsoft Corp. v. Proxyconn, Inc.*, 789 F.3d 1292, 1307 (Fed.

Cir. 2015); *Idle Free*, 2013 WL 5947697, at *4.[5]  As part of demonstrating

patentability over the prior art, a patent owner must (a) specifically identify the

features added to the substitute claims, and (b) present "technical facts and

reasoning about those feature(s), including construction of new claim terms."  *Idle*

*Free*, 2013 WL 5947697, at *4.  The Board requires the patent owner's proposed

construction of the new claim terms because claim construction is a necessary step

in determining whether claims are patentable over the prior art.  A25; *Medichem,*

*S.A. v. Rolabo, S.L.*, 353 F.3d 928, 933 (Fed. Cir. 2003).

Consistent with *Idle Free*, the Board here explained that "[a] motion to

amend claims must identify how the proposed substitute claims are to be

---

[5]     The Board has subsequently clarified *Idle Free*, but it did not alter the
requirement that a patent owner demonstrate the patentability of substitute claims
over the prior art.  *MasterImage 3D, Inc. v. RealD Inc.*, No. IPR2015-00040, Paper
42 (PTAB July 15, 2015).

construed, especially when the proposed substitute claims introduce new claim terms." A25. In moving to amend its patent, B.E. sought to introduce new claim terms through substitute claim 23, yet it failed to offer any constructions for the new terms. A1571-1588. Because B.E. failed to offer a construction for the substitute claims, the Board properly found that B.E. failed to satisfy its burden to show the patentability of the claims, as it omitted a necessary step in the patentability analysis. A25-26.

While B.E. does not dispute the claim construction requirement set forth in *Idle Free*, it argues that in this instance, no construction was necessary because the claim language was "readily understandable." Br. at 35-36. The problem with B.E.'s position is that it would allow patent owners unilaterally to determine whether it is necessary to offer a claim construction for newly-added claim language. Permitting patent owners to make this unilateral decision would hamper the Board's ability to make a patentability determination and prevent the Board from resolving important claim construction questions when deciding a motion to amend.

Indeed, this case shows the problem associated with stating that no construction is necessary, as the Board found that the claim language was not readily understandable. A26. The Board found that the "selecting" limitation in claim 23 was unclear. *Id.* And because B.E. failed to offer a claim construction

8

for this newly-added language, the Board had no guidance regarding how B.E. intended the claim to be understood.  *Id.*  Therefore, the Board did not abuse its discretion in finding that B.E. failed to satisfy its burden to demonstrate the patentability of the substitute claims.  A25-26; 37 C.F.R. § 42.20(c).

## 2.  B.E. Failed to Adequately Identify Written Description Support

The AIA requires that a proposed amendment to a patent "may not enlarge the scope of the claims of the patent or introduce new matter."  35 U.S.C. § 316(d)(3).  In accordance with that statutory requirement, the USPTO's regulations provide that "[a] motion to amend may be denied where . . . [t]he amendment seeks to enlarge the scope of the claims of the patent or introduce new subject matter." 37 C.F.R. § 42.121(a)(2)(ii).  The USPTO's regulations further require that a "motion to amend claims must . . . set forth the support in the original disclosure of the patent for each claim that is added or amended."  37 C.F.R. § 42.121(b)(1). Consistent with these requirements, the Board's decision explained that "[a] motion to amend claims must identify clearly the written description support for each proposed substitute claim."  A26.

In its motion to amend, B.E. provided the following listing of citations, without any further description or explanation, in support for its substitute claims:

> Support for proposed substitute claim 23 can be found in at least original claim 11, as well as the Abstract; page 4, lines 21-28; page 5, lines 6-7; page 8, lines 13-27; page 9; page 10, lines 1-13; page 11,

lines 18-20; page 13, lines 18-22; page 14, lines 16-25; page 15, lines
7-26; page 17, lines 12-13; page 20, lines 19-28; page 21, lines 1-2
and 20-28; and pages 25-28.

A1581.  B.E. offered no separate written description analysis for dependent claims

24-34.  A1580-1581.

The Board found that B.E.'s listing of page and line citations was

insufficient to demonstrate written description support because B.E. "fail[ed] to

point out with any particularity or explanation as to where in the several cited

passages the additional [claim] limitations are supported."  A27.  And contrary to

B.E.'s contention that "a simple reading of the cited material demonstrates

unambiguously that the amended claims are adequately supported," (Br. at 40), the

Board actually reviewed each of the cited passages and was unable to discern how

the specification provided support for claim 23.  A27.

The Board was correct in finding that B.E. failed to demonstrate written

description support.  By merely listing portions of the specification where written

description support may be found, B.E. sought to shift to the Board the burden of

combing through the specification to find support for the substitute claims.  The

Board was reasonable in determining that some sort of explanation – beyond a

mere listing of page and line citations – was necessary in this case for B.E. to meet

its burden.  A27.  Otherwise, patent owners would be free to cite large portions of

the specification and leave it to either the petitioner or the Board to show a lack of

written description support. Such a scenario is in direct conflict with the USPTO's regulations regarding both a movant's burden of proof and the content required in a motion to amend. 37 C.F.R. §§ 42.20(c), 42.121(b); *cf. Hyatt v. Dudas*, 492 F.3d 1365, 1370-71 (Fed. Cir. 2007) (addressing the burden of proof for written description in examination and permitting the USPTO to shift the burden to the applicant to prove written description support).

B.E. argues that it satisfied its burden because it emulated a successful motion to amend filed by Secretary of Agriculture in a different inter partes review proceeding. Br. at 37-39 (citing *Int'l Flavors & Fragrances, Inc. v. The United States of America, as Represented by the Secretary of Agriculture*, No. IPR2013-00124, Paper 10 (Sept. 25, 2013)). B.E.'s argument fails for multiple reasons. First, the fact that a listing of citations, without more, constitutes an adequate showing of written description support in one case does not mean that such a listing is adequate in all cases. Under the facts of *International Flavors*, the Board could easily determine that written description support existed from a review of the identified portions of the specification, and no further explanation was necessary. *Int'l Flavors & Fragrances, Inc. v. The United States of America, as Represented by the Secretary of Agriculture*, No. IPR2013-00124, 2014 WL 2120542, at *4-5 (PTAB May 20, 2014). Here, the Board found that, given the amendments present

11

in substitute claim 23 and B.E.'s listing of citations, it could not easily determine that written description support existed.  A27.

Next, the Board has never held out the motion to amend filed in *International Flavors* as a representative example for how a patent owner may demonstrate written description support.  While B.E. states that the motion filed in *International Flavors* was the only motion to amend that had been granted at the time it filed its motion (Br. at 36), that does not mean that the *International Flavors* motion necessarily serves as a template for how a patent owner should move to amend its claims.  The *International Flavors* decision is merely a non-precedential decision granting-in-part an unopposed[6] motion to amend.  2014 WL 2120542, at \*1.  In fact, other Board decisions have held that a listing of citations from the specification, without more, is insufficient to demonstrate written description support.  *Greene's Energy Group, LLC v. Oil States Energy Servs., LLC*, No. IPR2014-00216, 2015 WL 2089371, at \*14 (PTAB May 1, 2015) ("A string citation does not explain how the original disclosure of the application relied upon reasonably conveys to a person the features intended to be encompassed by the proposed substitute claims."); *Respironics, Inc. v. Zoll*

---

[6]     B.E. neglects to mention that the motion to amend filed in *International Flavors* was unopposed.  Br. at 36-37.  Here, Google opposed B.E.'s motion to amend, and specifically argued that B.E. "does not provide adequate [written description] support for its proposed claim changes including the new order of the recited steps."  A1680.

*Medical Corp.*, No. IPR2013-00322, 2014 WL 4715644, at *12-13 (PTAB Sept. 17, 2014) ("Zoll's string citations amount to little more than an invitation to us (and to Respironics, and to the public) to peruse the cited evidence and piece together a coherent argument for them.").

In a footnote, B.E. also contends that the 15-page limit for motions to amend prevented it from providing a more detailed written description explanation.  Br. at 39, n. 1.  This argument lacks merit, as B.E.'s motion to amend was only 13 pages.  A1571-1588.  Thus, B.E. had two additional pages to address the issue of written description support more fully.  Moreover, had B.E. actually reached its 15-page limit, it could have sought leave to include additional pages in its motion to amend.  *Cf. Corning Optical Comms. RF, LLC v. PPC Broadband, Inc.*, No. IPR2014-00441, slip op. at 2, Paper 19 (PTAB Oct. 30, 2014) (authorizing a patent owner "to place its proposed substitute claims in an appendix, such that it does not count toward the 15-page limit for a motion to amend claims").

### C.    The Broadest Reasonable Interpretation Standard Applies in Inter Partes Review

Additionally, B.E. argues that the Board erred by using the broadest reasonable interpretation ("BRI") standard in construing the claims of the '314 patent.  Br. at 40-42.  B.E. acknowledges that this Court's *Cuozzo* decision forecloses its challenge to BRI, yet it raises the argument to preserve the issue should *Cuozzo* be overturned during the pendency of the appeal.  *Id.* at 40-41.  For

all of the reasons articulated by this Court in *Cuozzo*, the Board did not err when applying the BRI standard to the claims of the '314 patent. *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1277-78 (Fed. Cir. 2015).

## V.    CONCLUSION

For the foregoing reasons, the Board's decision denying B.E.'s contingent motion to amend should be affirmed.

Respectfully submitted,

December 8, 2015

/s/ Michael S. Forman
THOMAS W. KRAUSE
Acting Solicitor

SCOTT C. WEIDENFELLER
Acting Deputy Solicitor

MICHAEL S. FORMAN
KAKOLI CAPRIHAN
Associate Solicitors

Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313

*Attorneys for the Director of the
United States Patent and
Trademark Office*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2015, I electronically filed the

foregoing BRIEF FOR INTERVENOR—DIRECTOR OF THE UNITED STATES PATENT AND

TRADEMARK OFFICE with the Court's CM/ECF filing system, which constitutes

service, pursuant to Fed. R. App. P. 25(c)(2), Fed. Cir. R. 25(a), and the Court's

Administrative Order Regarding Electronic Case Filing 6(A) (May 17, 2012).


/s/ Michael S. Forman_____
MICHAEL S. FORMAN
Associate Solicitor
United States Patent & Trademark Office
Mail Stop 8
P.O. Box 1450
Alexandria, Virginia 22313-1450